## The People of the State of Illinois, Defendant in Error, v. Barney J. Grogan, Plaintiff in Error.

### Gen. No. 18,766.

1. CONTEMPT—*in applying to become surety on bail bond.* A finding of the court that defendant is guilty of contempt in making an application to become surety on a bail bond is not sustained where there is no evidence that a misstatement in the application was made for the purpose of deceiving the judge or inducing him to accept defendant as surety.

2. CONTEMPT—*where misstatement is made to another judge.* Where the court sends one applying to be accepted as surety on a bail bond to another judge who approves the bond, a misstatement made to this judge is not a contempt of court in the court where the bond is required.

3. CONTEMPT—*answer cannot be traversed.* In a prosecution on behalf of the People for contempt, the answer of respondent cannot be traversed and must be taken as true.

. . .

4. CONTEMPT—*where answer is inconsistent.* Where an answer in contempt proceedings states facts that are inconsistent with respondent's avowed purpose and intention as stated in his answer, the court is at liberty to draw its own inferences from the facts stated.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1912. Reversed. Opinion filed March 24, 1913.

J. W. SUTTON, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error Grogan was by a branch of the Municipal Court, held by Judge Gemmill, adjudged guilty of contempt of court, fined $200, and to reverse such judgment prosecutes this writ of error. August 17, 1912, William Waite was required by the Municipal Court to give bond in the sum of $2,500 to answer a charge of malicious mischief. Grogan applied to the clerk of the court to become surety for Waite. The clerk prepared a bond and an affidavit as to the sufficiency of Grogan to become such surety, which was signed by him and sworn to by him before the clerk. He then took the bond and affidavit to Judge Wells of the Municipal Court to have the bond approved. Judge Wells examined him and among other questions asked him if he was on any other bond, and he answered that he was on a bond for $1,000 and was on several "disorderly" bonds, but thought they had been disposed of. The judge asked him if the property, 209 South Centre avenue, which the affidavit stated was worth $6,250, was not worth more than that sum, and he answered that he paid $6,250 for the property and had expended $3,800 for improvements thereon. The judge then asked if the property was worth $10,000 and he answered that it was. The judge

then struck out "$6,250" and inserted "$10,000." Grogan in answer to questions of the judge stated that he owned three hundred acres of land in Jefferson county, Wisconsin, worth $50,000; that said real estate was clear of incumbrance and that he was worth over and above his indebtedness $100,000. Judge Wells inserted in the affidavit Grogan's statement as to the Wisconsin land, reswore him to the affidavit and approved the bond. .

The state's attorney filed a petition in the Municipal Court alleging that Grogan "made application for a bond" before Judge Wells and in said "application for bail," sworn to before Judge Wells, in answer to the question, "Are you surety for any one else; if so, for what amount and for what?" answered, "Yes, $1,000;" that Grogan was then surety on three bonds of $400 each in cases brought by the City of Chicago and on one bond for $1,000 in a prosecution in the name of the People of the State of Illinois; that since the application for bail was made the defendant in one case brought by the city had been fined and that Grogan was still "surety for the other defendant in the sum of $1,800 and not in $1,000 as stated in his said application for bail before said Judge Wells." The concluding portion of the petition is as follows: "Wherefore your petitioner asks that this Honorable court enter a rule on said Barney J. Grogan to show cause why he should not be held in contempt of this court for his practices of deceit and misrepresentation upon one of the Honorable Judges of said Municipal Court of Chicago, as hereinbefore shown." This is not an averment that Grogan had practiced fraud or deceit on a Judge of the Municipal Court, nor is there in the petition any allegation that the misstatement by Grogan in his affidavit as to the amount for which he was surety was made for the purpose of deceiving Judge Wells or inducing him to accept Grogan as surety when he would not, but for such misstatement, have accepted him.

The only evidence introduced or offered in support of the petition was the bonds mentioned in the petition and accompanying affidavit. The respondent answered the petition, stating that he answered fairly and frankly the questions propounded to him by Judge Wells and believed at the time that the answers were true, and that he then believed that the said city cases had been disposed of; that he did not intend to make any false representation as to his property and had no intention to practice fraud or deceit on Judge Wells. He testified as a witness on his own behalf, and his testimony tended to support the averments of his answer.

The finding of the court was that the defendant practiced deceit and misrepresentation in answering said questions and that, "he is, by reason of said conduct of the defendant in disobeying the order of the Court as aforesaid, guilty of a direct contempt of this Court in open court."

The defendant disobeyed no order of the court, for Judge Wells made no order that defendant do or refrain from doing anything. He was not guilty of contempt of court in open court, for the application to accept him as surety was made to Judge Wells, not to the court, and the bond was approved by the judge, not by the court.

This is a prosecution in behalf of the people and it is a cardinal rule that in such proceedings for contempt the answer of the respondent cannot be traversed and must be taken as true. 4 Black Com. 289. If the answer states facts that are inconsistent with respondent's avowed purpose and intention as stated in his answer, the court will be at liberty to draw its own inferences from the facts stated. In re May, 2 Flippin, 562. In the answer in this case no facts are stated inconsistent with respondent's purpose and intention as stated in his answer.

But waiving all technical objections, we think that the evidence fails to show that the respondent in-

tended to deceive Judge Wells or induce him by misstatements to accept respondent as surety on a bond, when, if all the facts in relation to the bonds on which he was surety had been stated, he would not have been accepted. The evidence that respondent was worth over and above his indebtedness $100,000; that he owned in fee clear of incumbrance real estate in Chicago worth $10,000 and for which he had paid within about two years in purchase price and improvements $10,000, and that he owned three hundred acres of land in Wisconsin worth $50,000, which was clear of incumbrance, is not controverted.

We think that the evidence fails to show that the respondent was guilty of contempt and that the rule to show cause should have been discharged.

For the reasons indicated the judgment of the Municipal Court is reversed.

*Reversed.*